The Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY E. MULANAX, individually, | ) |
| Plaintiff, | ) Case No. 17-cv-05915-BHS |
| vs. | ) |
| | ) PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES |
| STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, ARTHUR TORDINI, personally, MICHAEL TURPIN, personally, DIEGO LOPEZ de CASTILLO, personally, and JOHN DOES 1-2, Inclusive, | ) (JURY DEMAND) |
| Defendants. | ) |

COMES NOW Plaintiff Larry E. Mulanax, through his counsel, the law office of Khodr & Winkelhake, P.L.L.C., and brings this complaint for personal injuries against defendants alleging as follows:

### I.   Introduction

1.1   This is a civil rights action also including claims of negligence against the State of Washington, Department of Corrections and other individuals working within the Department of Corrections arising from the unlawful denial of medication and/or timely medical care to Mr. Mulanax while confined within the Clallam Bay Corrections Center. Mr. Mulanax was convicted of a crime and serving his sentence at the Clallam

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 1

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

Bay Corrections Center and later transfer to the Monroe Correctional Complex. Upon arrival at the Clallam Bay Correctional Center, Mr. Mulanax completed a physical where the medical staff was put on notice of Mr. Mulanax's medical history, including heart attack, diabetes, hypertension and strokes for which Mr. Mulanax was prescribed medication. On January 3, 2014, Mr. Mulanax suffered a medical issue in the Clallam Bay Corrections Center and was treated at Forks Hospital. Thereafter, Mr. Mulanax received follow-up treatment from the Clallam Bay Corrections Center medical staff.

1.2   Several months later, the Clallam Bay Corrections Center stopped providing medication to Mr. Mulanax. Mr. Mulanax requested his medication several times, but the medical staff, including, but not limited to Dr. Arthur Tordini and/or Michael Turpin, with deliberate indifference to Mr. Mulanax's medical conditions refused to provide Mr. Mulanax with his medication. If not rising to the level of deliberate indifference, the jail staff were negligent in their denial of medication to Mr. Mulanax.

1.3   On or about August 12, 2014 at midnight, Mr. Mulanax was found lying in his cell and allowed to stay there for several hours before being examined and/or transported to a hospital. Dr. Arthur Tordini and/or Michael Turpin and/or the medical staff's denial of medication to Mr. Mulanax caused Mr. Mulanax to suffer a stroke. Dr. Arthur Tordini and/or Michael Turpin and/or the medical staff's failure to secure timely medical assistance for Mr. Mulanax caused the condition to worsen.

1.4   After being treated for the stroke, Mr. Mulanax was transferred to the Monroe Correctional Complex in the care of defendant Dr. Diego Lopez de Castilla.

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 2

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

While at the Monroe Correctional Complex, Dr. Diego de Castillo with deliberate indifference to Mr. Mulanax's medical needs failed to provide Mr. Mulanax necessary medical treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy. If not rising to the level of deliberate indifference the jail staff were negligent by failing to provide necessary medical treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy to Mr. Mulanax after his stroke

1.5 Mr. Mulanax is now severely disabled for the rest of his life. As set forth in this complaint, the defendants are liable to Mr. Mulanax under federal and state law.

## II. Parties

2.1 Plaintiff, Larry Mulanax, was, at all times relevant to this matter, was an inmate within the Clallam Bay Corrections Center, the Monroe Correctional Complex and a citizen of the United States.

2.2 Defendant State of Washington, Department of Corrections, is the state agency responsible for administering adult corrections programs operated by the State of Washington, including operation of the state correctional institution Clallam Bay Corrections Center and Monroe Correctional Complex. Department of Corrections is responsible for providing a "safe and healthy environment" for offenders within its prisons, including appropriate and necessary medical care.

2.3 Defendant Arthur Tordini was at all times herein an employee of the Washington Department of Corrections and was employed as a physician at the Clallam Bay Corrections Center. Dr. Tordini was responsible for providing medical treatment, including prescription medication, evaluating and triage of plaintiff's medical issues

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 3

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

identified in this complaint.  At all times relevant hereto, Dr. Tordini was considered a "Correctional Professional" and acting within the course and scope of his employment.  All acts committed by defendant Tordini were committed under color of Washington law and under the authority of his position within the Department of Corrections.  Dr. Tordini is a named as a defendant in this matter in his personal capacity.

2.4     Defendant Michael Turpin was at all times herein an employee of the Washington Department of Corrections and was employed as a nurse at the Clallam Bay Corrections Center.  Nurse Turpin was responsible for charting, evaluating and triage of the plaintiff's medical issues identified in this complaint.  At all times relevant hereto, Mr. Turpin was considered a "Correctional Professional" and acting within the course and scope of his employment.  All acts committed by defendant Turpin were committed under color of Washington law and under the authority of his position within the Department of Corrections.  Mr. Turpin is a named as a defendant in this matter in his personal capacity.

2.5     Defendant Diego Lopez de Castilla was at all times herein an employee of the Washington Department of Corrections and was employed as a physician at the Monroe Correctional Complex.  Dr. Lopez de Castilla was responsible for providing medical treatment, including multiple forms of therapy, evaluating and triage of plaintiff's medical issues identified in this complaint.  At all times relevant hereto, Dr. Lopez de Castilla was considered a "Correctional Professional" and acting within the course and scope of his employment.  All acts committed by defendant Lopez de Castilla were committed under color of Washington law and under the authority of his position

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 4

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

within the Department of Corrections.  Dr. Lopez de Castilla is a named as a defendant in this matter in his personal capacity.

2.6     Defendant Does 1 through 2, inclusive, at this time they are unknown to plaintiff, who therefore sue said defendants by such fictitious names and capacities and will ask leave to amend this complaint upon the same being ascertained.  At all times relevant hereto, defendant Does 1 through 2, inclusive, were considered "Correctional Professionals" and acting within the course and scope of their employment.  All acts committed by defendant Does 1 through 2, inclusive, were committed under color of Washington law and under the authority of their position within the Department of Corrections.

2.7     Defendants, as the plaintiff's jailors, owed the plaintiff, Larry Mulanax, the duty to keep him in health and free from harm, and for any breach of such duty resulting in injury, the defendants are liable to the plaintiff.  *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 635, 244 P.3d 924 (2010) (En Banc).  Each defendant failed and refused to perform such duty, thereby proximately causing the complained of injuries to Mr. Mulanax.

### III.   Jurisdiction and Venue

3.1     This Court has original subject matter jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question), and 42 U.S.C. § 1343 (civil rights). The Court has supplemental jurisdiction over the plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a).

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 5

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109 -4543
TELEPHONE:  (206) 384 -1886

3.2   Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events that support plaintiff's allegations occurred in this judicial district and because the defendants reside in this judicial district.

## IV.   Factual Allegations

4.1   Plaintiff, Larry E. Mulanax, is an adult male who suffers from heart attack, diabetes, hypertension and strokes among other medical conditions requiring medical treatment and medication.

4.2   Mr. Mulanax has previously been hospitalized for his medical conditions and has since been prescribed medications to control his medical condition.

4.3   On March 6, 2012, Mr. Mulanax was convicted of a drug charge and sentenced to serve time in prison for his crimes.  Mr. Mulanax was transferred to the State of Washington Department of Corrections' Clallam Bay Corrections Center, in Clallam Bay, Washington to serve his sentence.

4.4   Clallam Bay Corrections Center is an institution and correctional facility within the meaning of 42 U.S.C. § 1997(1).  Persons confined therein include sentenced inmates.

4.5   On March 9, 2012, Mr. Mulanax completed a physical where the medical staff was put on notice of his medical history, which included heart attack, diabetes, hypertension and strokes.  Mr. Mulanax was receiving prescribed medication for his medical condition.

4.6   On or about January 3, 2014, Mr. Mulanax suffered a medical issue in the Clallam Bay Corrections and was treated at Forks Hospital.  Mr. Mulanax received follow up treatment with the Clallam Bay Corrections Center medical staff.  The jail

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 6

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

staff, although already aware of Mr. Mulanax's medical history, was reminded of Mr. Mulanax's medical history including heart attack, diabetes, hypertension and strokes for which Mr. Mulanax was prescribed medication to treat the same.

4.7     Several months later, the Clallam Bay Corrections Center stopped providing medication to Mr. Mulanax.  Mr. Mulanax requested his medication several times, but the medical staff with deliberate indifference to his medical conditions refused to provide Mr. Mulanax with his medication.  In failing to provide medication for Mr. Mulanax, defendants Dr. Arthur Tordini, Michael Turpin, and/or DOES 1 through 2, inclusive, acted intentionally, knowingly, maliciously and/or in reckless disregard for Mr. Mulanax's well-established rights and demonstrated a deliberate indifference to his serious medical needs under the Eighth and/or Fourteenth Amendments to the United State Constitution.  If not rising to the level of deliberate indifference, the jail staff were negligent in failing to provide medication for Mr. Mulanax and are liable for Mr. Mulanax's injuries.

4.8     It was foreseeable that the failure to provide medication to Mr. Mulanax would cause harm to Mr. Mulanax.

4.9     On or about August 12, 2014, at midnight, the denial of medication caused Mr. Mulanax to suffer a stroke.  Mr. Mulanax was found lying in his cell and allowed to stay there for several hours before being examined and/or transported to a hospital, which caused the condition to worsen.  In failing to secure timely medical assistance for Mr. Mulanax, defendant Dr. Arthur Tordini, Michael Turpin and/or DOES 1 through 2, inclusive, acted intentionally, knowingly, maliciously and/or in reckless disregard for

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 7

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

Mr. Mulanax's well-established rights and demonstrated a deliberate indifference to his serious medical needs under the Eighth and/or Fourteenth Amendments to the United State Constitution. If not rising to the level of deliberate indifference, the jail staff were negligent in failing to secure timely medical assistance to Mr. Mulanax and are liable for Mr. Mulanax's injuries.

4.10   It was foreseeable that the failure to timely provide medical assistance to Mr. Mulanax would cause harm to Mr. Mulanax.

4.11   The Department of Corrections Clallam Bay Corrections Center had not properly trained its staff to provide medication and/or respond to medical emergencies to address and treat Mr. Mulanax's stroke in a timely manner. Instead, Mr. Mulanax was left on the cell floor for several hours before receiving emergency medical treatment. The delay in providing emergency medical treatment to Mr. Mulanax after having a stroke caused the condition to worsen.

4.12   The actions of the "Corrections Professionals", including Dr. Tordini, Michael Turpin and/or DOES 1 through 2 inclusive, were carried out in accordance with the official policies, procedures, customs, and practices of the Department of Corrections Clallam Bay Corrections Center. Such policies, procedures, customs, and practices caused injuries to Mr. Mulanax.

4.13   Mr. Mulanax, after having been denied his medication that caused him to suffer a stroke on August 12, 2014, was additionally injured when Dr. Tordini, Michael Turpin and/or other the Corrections Professionals failed to secure timely medical assistance.

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 8

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

4.14    Mr. Mulanax, when finally receiving medical treatment, was thereafter transferred to the Monroe Correctional Complex under the care of Dr. Diego Lopez de Castillo.  While there Dr. Lopez de Castillo, was Mr. Mulanax's attending physician.  Dr. Lopez de Castillo denied Mr. Mulanax therapeutic treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy.   By failing to provide therapeutic treatment to Mr. Mulanax, defendant Dr. Lopez de Castilla and/or DOES 1 through 2, inclusive, acted intentionally, knowingly, maliciously and/or in reckless disregard for Mr. Mulanax's well-established rights and demonstrated a deliberate indifference to his serious medical needs under the Eighth and/or Fourteenth Amendments to the United State Constitution.  If not rising to the level of deliberate indifference, jail staff were negligent by failing to provide therapeutic treatment to Mr. Mulanax after his stroke and are liable for Mr. Mulanax's injuries.

4.15    Mr. Mulanax is now severely disabled for the rest of his life.

4.16    Defendant Department of Corrections are charged with the responsibility of operating, administering and supervising the Clallam Bay Corrections Center and Monroe Correctional Complex.  With that responsibility comes the duties:

1. Duty to keep Mr. Mulanax in health and free from harm by ensuring all inmates receive appropriate and cost-effective emergency and necessary medical care;

2. Section 3 of the Washington State Constitution, that no person be deprived of life, liberty or property, without due process of law;

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 9

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

3. Section 14 of the Washington State Constitution, that excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted;

4. To supervise and train personnel within the Department of Corrections as well as adopt policies, procedures, and standards that will not cause the "Corrections Professionals", to be deliberately indifferent to a detainee's serious medical needs, and/or inflict cruel and unusual punishment or the deprivation of due process; and

5. Other applicable laws and regulations.

4.17 On May 30, 2017, plaintiff timely filed the Claim for Damages with the State of Washington Department of Enterprise Services, thereby tolling the statute of limitations, and waited sixty (60) days before filing this complaint fulfilling all procedural requirements prior to filing this action under RCW 4.92 and RCW 7.70. A copy of the above-referenced Claim for Damages, marked Exhibit A, was originally filed with the Complaint in the Thurston County Superior Court.

## V. Causation

5.1 Mr. Mulanax has suffered damages as a result of his injuries.

5.2 A proximate cause of plaintiff's injuries was the defendant State of Washington Department of Corrections Clallam Bay Corrections Center breaching its duty of care to Mr. Mulanax by failing to establish policies and procedures to provide medication and/or render timely medical assistance to inmates with serious medical health needs as well as having medical staff competent to deal with the same.

5.3 A proximate cause of plaintiff's injuries was the defendant Department of Corrections breaching its duty of care to Mr. Mulanax by negligently hiring, training,

PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES - 10

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

supervising and monitoring its personnel and failing to prevent incident like this from occurring.

5.4  A proximate cause of plaintiff's injuries was defendant Dr. Tordini, Mr. Turpin and/or DOES 1 through 2, inclusive, failure to provide medication and/or secure timely medical assistance for Mr. Mulanax, demonstrated deliberate indifference to his serious medical health needs.

5.5  A proximate cause of plaintiff's injuries was defendant Dr. Tordini, Mr. Turpin and/or DOES 1 through 2, inclusive, failure to provide medication and/or secure timely medical assistance for Mr. Mulanax demonstrated negligence with regard to his medical health needs.

5.6  A proximate cause of plaintiff's injuries was defendant Dr. Lopez de Castillo and/or DOES 1 through 2, inclusive, failure to provide therapeutic treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy to Mr. Mulanax after he had suffered the stroke demonstrated deliberate indifference to his serious medical health needs.

5.7  A proximate cause of plaintiff's injuries was defendant Dr. Lopez de Castillo and/or DOES 1 through 2, inclusive, failure to provide therapeutic treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy to Mr. Mulanax after he had suffered the stroke demonstrated negligence with regard to his medical health needs.

### VI. State Claims Against the Department of Corrections

6.1  Plaintiff repeats and re-alleges paragraphs 1.1 through 5.7 of the complaint as if fully set forth herein.

PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES - 11

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

6.2     Defendant Department of Corrections by and through its agents owed a duty of care to Mr. Mulanax.

6.3     Defendant Department of Corrections breached its duty when, among other things, it failed to properly medicate and/or provide timely medical assistance for Mr. Mulanax's medical needs, including his heart attack, diabetes, hypertension and history of strokes, in accordance with the standard of care.

6.4     Defendant Department of Corrections breached its duty when, among other things, it failed to provide therapeutic treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy to Mr. Mulanax after he had suffered the stroke, in accordance with the standard of care.

6.5     Defendant Department of Corrections breached its duty when, among other things, it negligently hired, trained, supervised and monitored its personnel and failed to create and implement proper policies and procedures to prevent incidents like this from occurring.

6.6     Defendant Department of Corrections breached its duty through the events described herein, and in other ways which have not been specifically enumerated, which may be unknown at this time, and/or which may be revealed through the course of discovery.

6.7     As a result of the allegations contained in this complaint, the Department of Corrections is liable to the plaintiff, Larry Mulanax, for his personal injuries, both physical and mental, which necessitated medical care and treatment; including severe life-long disability as well as both physical and mental pain discomfort, loss of services,

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 12

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

protection, care, assistance, society and expenses under state law for negligence, including vicarious liability for the acts of its agents, as well as negligent supervision and/or retention.

6.8    No federal claims are alleged against the Department of Corrections.

**VII. Claims Against Individually Named Defendants & DOES 1 through 2, Inclusive**

7.1    Plaintiff repeats and re-alleges paragraphs 1.1 through 5.7 of the complaint as if fully set forth herein.

7.2    As a result of the allegations contained in this complaint by denying medication and/or failing to secure timely medical assistance to Mr. Mulanax, Dr. Tordini, Michael Turpin and/or DOES 1 through 2, inclusive, are liable to the plaintiff for his loss of income, services, protection, care, assistance, society and expenses under 42 U.S.C. § 1983.

7.3    As a result of the allegation contained in this complaint, if not rising to the level of deliberate indifference, Dr. Tordini, Michael Turpin and/or DOES 1 through 2, inclusive, were negligent by denying medication and/or failing to secure timely medical assistance to Mr. Mulanax and are liable for Mr. Mulanax's injuries.

7.4    As a result of the allegation contained in this complaint by denying Mr. Mulanax therapeutic treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy after Mr. Mulanax had suffered the stroke Dr. Lopez de Castilla and/or DOES 1 through 2, inclusive, are liable to the plaintiff for his loss of income, services, protection, care, assistance, society and expenses under 42 U.S.C. § 1983.

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 13

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886

7.5     As a result of the allegation contained in this complaint, if not rising to the level of deliberate indifference, Dr. Lopez de Castilla and/or DOES 1 through 2, inclusive, were negligent by denying Mr. Mulanax therapeutic treatment, including but not limited to physical therapy, speech therapy, occupational therapy and/or nutritional therapy after Mr. Mulanax had suffered the stroke.

7.6     As a result of the allegations contained in this complaint, Dr. Tordini, Mr. Turpin and Dr. Lopez de Castilla and/or DOES 1 through 2, inclusive, and each of them, jointly and severally, plaintiff Larry Mulanax has: sustained personal injuries, both physical and mental, which necessitated medical care and treatment; including severe life-long disability as well as both physical and mental pain, discomfort, and anguish; and has otherwise been humiliated and stripped of rights, liberties and freedoms guaranteed through the United States and Washington Constitutions.

### IX.  Prayer for Relief

WHEREFORE, the plaintiff prays that the Court award:

A.     Compensatory damages for physical and emotional pain and suffering in an amount to be proven at trial;

B.     Economic damages in an amount to be proven at trial;

C.     Medical expenses in an amount to be proven at trial;

D.     Punitive damages in an amount to be proven at trial;

///

///

///

PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES - 14

Khodr & Winkelhake, P.L.L.C.
Attorneys at Law
323 Queen Anne Ave. N, Suite 102
Seattle, Washington 98109-4543
Telephone: (206) 384-1886

1  ///

2  ///

3  ///

4

5        E.      Reasonable attorneys' fees, costs and prejudgment interest incurred in

6  pursuing this action as provided for in 42 U.S.C. § 1988; and

7        F.      Any such other relief that this Court deems just and equitable.

8

9  **DATED** this 7th day of June, 2018.

10
                                            s/Aaron J. Winkelhake
11                                             Aaron J. Winkelhake, WSBA No. 32733
12                                             Khodr & Winkelhake, P.L.L.C.
                                            323 Queen Anne Ave. N, Suite 102
13                                             Seattle, Washington  98109-4543
                                            Telephone: (206) 384-1886
14                                             Fax: (206) 274-4829
15                                             E-mail: awinkelhake@kwlegal.org
                                            Attorney for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

PLAINTIFF'S AMENDED COMPLAINT
FOR PERSONAL INJURIES - 15

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE:  (206) 384-1886

## CERTIFICATE OF SERVICE

I, Aaron J. Winkelhake, hereby certify that on July 11, 2018, I electronically filed the PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to The Honorable Benjamin H. Settle and the following at the e-mail addresses below:

Daniel J. Judge at DanielJ@atg.wa.gov: Attorney for Defendants

Dated this 11th day of July, 2018.

s/Aaron J. Winkelhake

PLAINTIFF'S AMENDED COMPLAINT FOR PERSONAL INJURIES - 16

KHODR & WINKELHAKE, P.L.L.C.
ATTORNEYS AT LAW
323 QUEEN ANNE AVE. N, SUITE 102
SEATTLE, WASHINGTON 98109-4543
TELEPHONE: (206) 384-1886